UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRLEY TABB, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0789 (PLF) |
| DISTRICT OF COLUMBIA, BRENDA DONALD WALKER, and MINDY GOOD, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on the motion of defendants, the District of Columbia, Brenda Donald Walker, and Mindy Good, to dismiss or, in the alternative, for summary judgment ("Mot."). Defendants have failed to comply with Local Civil Rules 7(h) and 56.1 by not submitting along with their motion a statement of material facts as to which the moving party contends that there are no genuine issue. The Court therefore will not consider any part of this motion as a motion for summary judgment. Furthermore, with the exception of Counts VI, VII, and IX, defendants have not shown under Rule 12(b)(6) of the Federal Rules of Civil Procedure that the plaintiff has failed to state a claim upon which relief can be granted. Defendant's motion therefore is granted in part and denied in part.

I. BACKGROUND

Plaintiff Shirley Tabb was employed by the District of Columbia for almost 14 years, most recently as a Public Affairs Specialist for the District of Columbia Child and Family

Services Agency ("CFSA"). See Complaint ¶¶ 5, 12. Between July 2005 and her summary removal on October 3, 2005, plaintiff approached defendant Brenda Donald Walker, Director of the CFSA, as well as authorities from the Executive Office of the Mayor, the D.C. Department of Human Services, and the Deputy Mayor of the District of Columbia about children who were sleeping in the CFSA building. See id. ¶¶ 13, 16, 17, 20-23. Plaintiff alleges that she requested the authority to initiate programs aimed at recruiting emergency foster homes, increasing awareness of child abuse, and reviving the "Back to Sleep" program. See id. ¶¶ 16-17.

Defendant Mindy Good, who was plaintiff's immediate supervisor, issued an official admonition to plaintiff on August 18, 2005 for contacting an employee in the Executive Office of the Mayor, Susan Newman, "about children sleeping in the CFSA office building and her desire to implement some emergency plan to address the problem. In support of her admonishment, defendant Good also referenced that the plaintiff had contacted a public information officer at the D.C. Department of Human Services (DHS) in March 2005 about developing a campaign to increase awareness around child abuse and neglect, reviving the Back to Sleep Campaign and other projects." Complaint ¶ 17. The official admonition was approved and became an official reprimand on August 22, 2005. See id. ¶ 19.

Between August 2005 and her termination on October 3, 2005, plaintiff, who had been diagnosed with Type II Diabetes in 2004, was authorized family and medical leave. See Complaint ¶¶ 28, 83-86. In September 2005, plaintiff contacted various media outlets to report that children were sleeping in the CFSA building. See id. ¶ 25. WUSA-TV and WJLA-TV, two District of Columbia-based television stations, carried the story, which included interviews with the plaintiff. See id. ¶ 26.

On October 3, 2005, defendant Walker issued a Notice of Summary Removal to the plaintiff, informing her that she was summarily removed from her position as a Public Relations Specialist. See Complaint ¶ 28. Defendant Walker informed the plaintiff that, in part, the basis for her removal was improper use of agency communications systems, and for misrepresenting agency practice. See id. ¶ 29.

On April 28, 2006, plaintiff filed a complaint in this Court asserting violations of her First Amendment rights (Counts I and II), her Fifth Amendment due process rights (Counts III and IV), the D.C. Whistleblower Protection Act (Counts V, VI and VII), the District of Columbia and federal Family and Medical Leave Acts (Count VIII), and 42 U.S.C. § 1985 alleging conspiracy (Count IX). Defendants now move to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## II. DISCUSSION

*A. Local Civil Rules*

Defendants seek dismissal or, alternatively, summary judgment. In deciding a motion to dismiss for failure to state a claim, of course, the Court is limited to the four corners of the complaint. See infra at 6-7. On a motion for summary judgment, the question is whether there are genuine issues of material fact in dispute, and the Court may consider matters outside the pleadings – including affidavits, declarations, deposition excerpts, and other competent evidence – in determining whether there are. See FED. R. CIV. P. 56(e). In addition, in this circuit, the party moving for summary judgment must file with each such motion "a statement of

material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." L. Civ. R. 7(h); see also L. Civ. R. 56.1 (same). In this case, defendants have failed to comply with the Local Rules by not providing such a statement. For that reason, this Court will deny the motion insofar as it is one for summary judgment, and will consider it solely as a motion to dismiss under Rule 12(b)(6).

To be sure, defendants provide a narrative statement of facts in their memorandum of law and have submitted a stack of documents – notices, letters, e-mails, and memoranda – with their motion. But the "facts" included in defendants' memorandum of law cannot be deemed the equivalent of a Rule 7(h) or Rule 56.1 statement. They are based on documents submitted to the Court with no foundation whatsoever – that is, no supporting affidavits, deposition excerpts, answers to interrogatories, or admissions, as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 56(c), (e). Furthermore, these unsupported assertions of fact are contested by plaintiff, who does provide a declaration based on personal knowledge in conformity with the Rules. See Fed. R. Civ. P. 56(e). Defendants' "facts" therefore will not be considered by the Court.

The purpose of Local Civil Rule 7(h), and its analog, Local Civil Rule 56.1, is to "[isolate] the facts that the parties assert are material, [distinguish] disputed from undisputed facts, and [identify] the pertinent parts of the record." Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Tarpley v. Greene, 684 F.2d 1 (D.C. Cir. 1982)). "This circuit has long upheld strict compliance with the district court's local rules on summary judgment when invoked by the district court." Arrington v. United States, 473 F.3d 329, 335 (D.C. Cir. 2006) (quoting

Burke v. Gould, 286 F.3d at 517).  While it is not necessary that a Rule 7(h) statement be labeled as such, any filing intended to serve the purpose of a Rule 7(h) statement should comply with the Rule's plain terms and its purpose.  See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 153 (D.C. Cir. 1996).  Because defendants have failed so completely to comply with the Local Rules in filing their motion, the Court will treat the motion before it solely as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

### B.  Rule 12(b)(6) Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)6) of the Federal Rules of Civil Procedure should not be granted unless it appears beyond doubt that a plaintiff will be unable to prove any set of facts that supports his claim entitling him to relief.  See Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  In evaluating the motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  See Andrx Pharms. v. Biorail Corp. Int'l, 256 F.3d 799, 805 (D.C. Cir. 2001); Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997).  While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are

---

[1] Defendants, though failing to comply with the Local Rules, sought summary judgment very early in this lawsuit – before any discovery.  The Court notes that this usually is a disfavored practice.  As the D.C. Circuit has stated on several occasions, "summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" Americable Int'l v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (summary judgment is appropriate after "adequate time for discovery").

not supported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions.  See National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996);  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  When addressing a motion to dismiss under Rule 12(b)(6), the Court generally may not look outside the facts contained within the four corners of the complaint, see Gordon v. National Youth Work Alliance, 675 F.2d 356, 361 (D.C. Cir. 1982), unless it treats the motion to dismiss as a motion for summary judgment.  See FED. R. CIV. P. 12(b); Currier v. Postmaster Gen., 304 F.3d 87, 88 (D.C. Cir. 2002).

*C.  Counts VI and VII: Claims of Supervisory Liability
for Violations of the Whistleblower Protection Act*

Defendants Good and Walker seek dismissal of the D.C. Whistleblower Protection Act counts against them based on Judge Bates' decision in Winder v. Erste, Civil Action No. 03-2623, 2005 U.S. Dist. LEXIS 5190, at *27 (D.D.C. May 31, 2005), in which the Court refused to find an implied right of action against supervisors under the D.C. Whistleblower Protection Act.  In Winder, the general manager of the District of Columbia Public Schools Division of Transportation alleged a violation of the District of Columbia Whistleblower Protection Act.  See Winder v. Erste, 2005 U.S. Dist. LEXIS 5190, at *6.  Plaintiff claimed that his termination was in retaliation for speaking out about problems in his Department.  See id.  Judge Bates found that in enacting the D.C. Whistleblower Protection Act it was not the intent of the District of Columbia Council to imply a private right of action against supervisors.  See Winder v. Erste, 2005 U.S. Dist. LEXIS 5190, at *27.

Defendants Good and Walker, individual defendants in this case, move to dismiss the D.C. Whistleblower Protection Act counts against them – Counts VI and VII – on the same grounds. Plaintiff responds that Section 1-615.54 of the Whistleblower Protection Act, D.C. Code § 1-615.54, authorizes relief against supervisors themselves. See Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment ("Opp.") at 11-15. The same argument was made in Winder, where Judge Bates specifically explained that the legislative intent behind the Code was not to create an implied right of action against supervisors. See Winder v. Erste, 2005 U.S. Dist. LEXIS 5190, at *25-*27 ("However, the more reasonable reading of this provision is that it authorizes fines as part of the judicial relief available to the District in a judicial appeal from an OEA decision on a disciplinary action."). The plaintiff in this case argues that Judge Bates' analysis in Winder was flawed, see Opp. at 11, but plaintiff's brief fails to cite any authority beyond the plaintiff's own reading of the statute. See Opp. at 12-15. The undersigned finds Judge Bates' analysis in Winder persuasive and agrees with it. Therefore, substantially for the reasons set forth in Winder, the Court concludes that there is no implied right of action against supervisors under Section 1-615.54. Counts VI and VII therefore will be dismissed.

### D. Conspiracy Between Walker and Good: 42 U.S.C § 1985(2)

Count IX alleges that defendants Walker and Good "conspired together and with others to harass, intimidate and retaliate against plaintiff in an effort to keep her from testifying before or reporting to the Court or Court Monitor in the *LaShawn A.* class action litigation that children were sleeping in the CFSA office building." Complaint ¶ 92. Defendants argue that

plaintiff's conspiracy claim, brought under 42 U.S.C. § 1985(2), must be dismissed because plaintiff has failed to identify two parties that are legally capable of engaging in a conspiracy with each other. See Mot. at 13. Defendants invoke the intracorporate conspiracy doctrine, arguing that "two employees of the same employer cannot conspire with each other or with their employer under what is known as 'the intracorporate conspiracy doctrine.'" Id.

As the undersigned previously has explained, see Tafler v. District of Columbia, Civil Action No. 05-1563, 2006 U.S. Dist. LEXIS 81714, at *27-30 (D.D.C. 2006), this doctrine states that "a corporation cannot conspire with its employees, and its employees, when acting within the scope of their employment, cannot conspire among themselves." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036-37 (11th Cir. 2000). It is based on the notion that a corporation and its agents constitute a single legal entity that cannot conspire with itself, just as it is impossible for an individual person to conspire with himself or herself. See Dickerson v. Alachua County Comm., 200 F.3d 761, 767 (11th Cir. 2000).

The circuits are split as to whether the intracorporate conspiracy doctrine applies to civil rights claims brought under 42 U.S.C. § 1985. Seven circuits have held that the doctrine does apply to Section 1985 claims. See Dickerson v. Alachua County Comm., 200 F.3d at 767; Hilliard v. Ferguson, 30 F.3d 649, 653 (5th Cir. 1994); Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505, 509-10 (6th Cir. 1991); Buschi v. Kirven, 775 F.2d 1240, 1253 (4th Cir. 1985); Herrmann v. Moore, 576 F.2d 453, 459 (2nd Cir. 1978); Baker v. Stuart Broadcasting Co., 505 F.2d 181, 183 (8th Cir. 1974); Dombrowski v. Dowling, 459 F.2d 190 (7th Cir. 1972). Three circuits have held that the doctrine does not apply in this context. See Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1126-27 (10th Cir. 1994) (intracorporate

conspiracy doctrine was developed in the antitrust context "to allow one corporation to take actions that two corporations could not agree to do, [and] should not be construed to permit the same corporation and its employees to engage in civil rights violations."); Stathos v. Bowden, 728 F.2d 15, 21 (1st Cir. 1984) (intracorporate conspiracy doctrine "should [not] extend -- if at all -- beyond the ministerial acts of several executives needed to carry out a single discretionary decision."); Novotny v. Great Am. Fed. Savings & Loan Assoc., 584 F.2d 1235, 1258 (3rd Cir. 1978), vacated on other grounds, 442 U.S. 366 (1979). The District of Columbia Circuit has not ruled on the issue.

Federal district courts in the District of Columbia, however, consistently have applied the intracorporate conspiracy doctrine to Section 1985. See, e.g., Tafler v. District of Columbia, 2006 U.S. Dist. LEXIS 81714, at *27-30; Brown v. Sim, Civil Action No. 03-2655, 2005 U.S. Dist. LEXIS 35415, at *10-11 (D.D.C. Sept. 30, 2005); Lerner v. District of Columbia, 362 F. Supp. 2d 149, 165 (D.D.C. 2005) (intracorporate conspiracy doctrine did not apply because all of the alleged participants in the conspiracy were not employed by the same entity); Anyaibe v. Gilbert Sec. Serv., Civil Action No. 94-2377, 1995 U.S. Dist. LEXIS 21312, at *25 n.13 (D.D.C. May 16, 1995); Michelin v. Jenkins, 704 F. Supp. 1, 4 (D.D.C. 1989); Gladden v. Barry, 558 F. Supp. 676, 679 (D.D.C. 1983).[2]

---

[2] In Kivanc v. Ramsey, 407 F. Supp. 2d 270 (D.D.C. 2006), the undersigned declined "to adopt a categorical policy that it is legally impossible for one police officer to conspire with another to deprive an individual of his rights under Section 1983." Id. at 276. The Court based its reasoning on the existence of evidence that the defendant police officers in Kivanc had falsified police reports, which conduct is not within the scope of routine police department decision-making. See id. No such evidence, or even allegations to that effect, exist here.

"The intracorporate conspiracy doctrine was created to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory[.]" Kivanc v. Ramsey, 407 F. Supp. 2d at 275-76. Plaintiff has failed to allege that the defendants in this case were acting outside the scope of their employment and has failed to offer any persuasive argument as to why the intracorporate conspiracy doctrine should not apply. Plaintiff therefore has failed adequately to allege the existence of a conspiracy, and Count IX therefore will be dismissed for failure to state a claim under 42 U.S.C. § 1985. See Tafler v. District of Columbia, 2006 U.S. Dist. LEXIS 81714, at *27-30; Brown v. Sim, 2005 U.S. Dist. LEXIS 35415, at *11.

*E. Motion to Dismiss all Other Counts*

The remaining counts in the complaint include alleged violations of plaintiff's First Amendment rights (Counts I and II), her due process rights (Counts III and IV), the D.C. Whistleblower Protection Act (by the District of Columbia) (Count V), and the District of Columbia and federal Family and Medical Leave Acts (Count VIII). Defendants fails to demonstrate persuasively that plaintiff's complaint fails to state claims upon which relief can be granted with respect to the remaining counts of the complaint. Defendants' motion to dismiss with respect to these remaining counts therefore will be denied.

An Order consistent with this Memorandum Opinion shall issue this same day.

___/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 16, 2007