UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRLEY TABB<br><br>      Plaintiff,<br>  v.<br><br>DISTRICT OF COLUMBIA;<br><br>BRENDA DONALD WALKER; and<br><br>MINDY GOOD.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE No. 06-00789 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR AN EXTENSION OF TIME**

    Pursuant to the Federal Rules of Civil Procedure, Rules 6(b) and 7, Plaintiff Shirley Tabb requests an extension of time through and including May 14, 2007, within which to file a response to the Defendants' second *Motion for Summary Judgment*. In support of her Motion, Plaintiff states as follows:

    1.    On March 16, 2007, the Court issued a Memorandum and Order granting in part (as to counts against two individuals under the DC Whistleblower Protection Act

-1-

and § 1985(2)) and denying the Defendants motion to dismiss or for summary judgement. Specifically, the Court noted:

> Defendants, though failing to comply with the Local Rules, sought summary judgment very early in this lawsuit -- before any discovery. The Court notes that this usually is a disfavored practice. As the D.C. Circuit has stated on several occasions, "summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" *Americable Int'l v. Dep't of Navy,* 327 U.S. App. D.C. 159, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting *First Chicago Int'l v. United Exch. Co.,* 267 U.S. App. D.C. 27, 836 F.2d 1375, 1380 (D.C. Cir. 1988); see *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (summary judgment is appropriate after "adequate time for discovery"). [Memorandum Opinion at 5 n. 1]

2. The Court set a deadline of April 18, 2007 for the Defendants to file their Answers.

3. Instead of filing their Answers, on April 18, 2007, Defendants filed their second motion for summary judgment.

4. During the weeks of April 16 and 23, Plaintiff's counsel was involved in trail preparation, trial and post-trial settlement activities. Consequently, counsel did not have sufficient time to review and prepare a response to the Defendants' second motion.

5. Defendants' counsel was contacted by telephone and e-mail regarding the filing of this motion. No response was provided prior to filing. Thus, Plaintiff cannot represent the Defendants' position concerning this motion.

Wherefore, for good cause shown, the Court should grant Plaintiff's request for an extension of time to respond to the Defendants Motion through and including May 14, 2007.

DATED this 30th day of April, 2007.

Respectfully submitted,

/s/

_____
Richard E. Condit, Esq.
**D.C. Bar No. 417786**
2000 P Street, NW, Suite 240
Washington, D.C. 20036-6924
Telephone: (202) 829-2444
Facsimile: (202) 318-3211
Email: r1condit1@earthlink.net