UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHIRELY TABB,

      Plaintiff,

v.

DISTRICT OF COLUMBIA,

BRENDA DONALD WALKER, and

MINDY GOOD,

      Defendants.

CASE No. 06-00789 (PLF)

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME

    Defendants have requested another extension of time within which to file their Answers. For the reasons set forth below, Plaintiff Shirley Tabb opposes an extension of time through July 5, 2007. Instead, Plaintiff proposes a short extension through no later than June 27, 2007 and asks the Court to allow the parties to immediately begin discovery.

    The original Complaint in this case was filed on April 28, 2006 and the parties were promptly served. On May 23, 2006, the Plaintiff consented to an extension of time within which Defendants could respond to her Complaint. On July 14, 2006, Defendants requested another

-1-

extension of time.

On July 21, 2006, Defendants filed their first Motion to Dismiss or for Summary Judgment. After requesting extensions of time, Plaintiff filed her response opposing the Motion on September 5, 2006.

On March 16, 2007, the Court granted in part and denied in part the Defendants' Motion. The Court noted that summary judgment was not appropriate prior to the completion of some discovery.

On April 3, 2007, Defendants sought another extension of time to file a response to Plaintiff's Complaint. The Court granted the request for extension and gave the Defendants until April 18, 2007 to file a response to the Complaint.

On April 18, 2007, Defendants filed a Motion for Summary Judgment. Plaintiff sought extensions of time then filed her opposition to the Motion on June 1, 2007. The next day, Plaintiff filed her Amended Complaint.

The Court denied the Motion as moot and noted it was also premature. On June 15, 2007, the Defendants asked for an extension of time through June 20th to file a response to the Amended Complaint. Plaintiff consented and the Court granted the extension request.

On June 20, 2007, Defendants filed another request for an extension of time seeking until July 5th within which to file an Answer to Plaintiff's Amended Complaint. According to Defendants' Memorandum, they were planning to file yet another motion for summary judgment until the Court noted again in its June 15th Minute Order that summary judgment is premature at this time. Def. Motion/Memo at 3.

Defendants also indicate that they may file an interlocutory appeal of the Court's denial of the individual defendants' requests for qualified immunity. Such an appeal would not be justified in this case. Moreover, Plaintiff is concerned that Defendants' mention of a possible appeal foreshadows further requests for delay.

Aside from some modest modifications, Plaintiff's Amended Complaint is virtually identical to her original Complaint. Defendants cite in support of their Motion for additional time that there are seventy-two allegations pled in the Amended Complaint. There were ninety-six allegations in the original Complaint. If anything, the Amended Complaint is less complicated because it does not contain the claims against the individuals under the Whistleblower Protection Act. Thus, the Defendants have been contemplating the allegations raised in the Amended Complaint for over a year.

While the Plaintiff does not oppose extensions of time to accommodate schedules and allow adequate time to reply to difficult issues, it seems that the Defendants have had more than enough time to consider Plaintiff's allegations. Discovery has been unduly delayed by Defendants' challenges to the Complaint. Defendant Brenda Donald Walker has left the employ of the District government and the availability of other witnesses and the preservation of evidence may be compromised by further delay.

Consequently, Plaintiff requests that the Court authorize a short extension of time through no later than June 27th within which the Defendants can file their Answers. Further, Plaintiff requests that the Court immediately authorize the commencement of discovery in order to prevent any further prejudice to the Plaintiff. The Court is empowered to permit discovery prior to the parties conferring. Fed.R.Civ.P., Rule 26(d). The parties can confer and issue a Rule 16.3

report following the receipt of the Defendants' Answers.

For the reasons stated, the Court should allow a modest extension of time for the Defendants' to file their Answers and should permit the initiation of discovery. Plaintiff has attached a proposed order reflecting her requests.

DATED this 22nd day of June, 2007.

Respectfully submitted,

*/S/ Richard E. Condit*
_____
Richard E. Condit, Esq.
D.C. Bar No. 417786
1612 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone: (202) 829-2444 / (202) 408-0034 x. 142
Facsimile: (202) 318-3211
Email: r1condit1@earthlink.net