UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Shirley Tabb<br>200 K Street, NW, Apt. 618<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>    v.<br><br>District of Columbia, *et al.*,<br><br>    Defendants. | Civil Action No. 06-00789 |

## ANSWER TO THE COMPLAINT

Defendants, the District of Columbia, Brenda Donald Walker and Mindy Good (hereinafter "the defendants"), by and through counsel, herein answer Plaintiff's Complaint, and state as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The following answers correspond to the numbered paragraphs in the complaint:

1. The averments set forth in paragraph 1 are legal conclusions of the pleader to which no response is required.

2. The defendants recognize the statutory authorities set forth in Plaintiff's Complaint, but deny that they necessarily give this Court jurisdiction over this matter or these parties.

3. The defendants recognize the statutory authorities set forth in Plaintiff's Complaint, but deny that

venue is necessarily proper.

4. The averment set forth in paragraph 4 of the Amended Complaint are the conclusions of the pleader and requires no response.

5. The defendants admit that Shirley Tabb is an adult, but lack sufficient information to either admit or deny that she is a resident of the District of Columbia. Further answering, these defendants admit that plaintiff was employed by the District's Child and Family Services Agency (CFSA) before she was terminated. These defendants deny that she was illegally terminated as alleged in paragraph 5 of the Amended Complaint.

6. The defendants admit the allegations in paragraph 6.

7. The defendants admit that CFSA is a cabinet level agency under the District of Columbia. The remaining allegations are conclusions of law or facts of the pleader to which no response is required.

8. The non-disclosure of defendant Good's residence is protected by statute. See D.C. Official Code §§ 1-631.01, and 1-631.03. Further answering, the defendants admit the remaining allegations in paragraph 8 of the Amended Complaint.

9. The non-disclosure of defendant Walker's residence is protected by statute. See D.C. Official Code §§ 1-631.01, and 1-631.03. Further answering, the remaining allegations are the conclusions of fact or law of the pleader to which no response is required.

10. The defendants admit the allegation in paragraph 10.

11. The defendants admit that plaintiff's educational background includes a Bachelor of Arts degree and a Master of Social Work degree. These defendants lack sufficient information to either admit or deny that she currently is a licensed social worker as set forth in paragraph 11 of the Amended

Complaint .

12.     The defendants admit the averment in paragraph 12 of the Amended Complaint.

13.     Defendant Good lacks sufficient information to either admit or deny the allegations in paragraph 13 of the Amended Complaint.  Defendants District and Walker admit the allegations.

14.     Defendant Good lacks sufficient information to either admit or deny the allegations in paragraph 14 of the Amended Complaint. Defendants District and Walker deny that plaintiff suggested that she could assume senior level responsibility, but admit the remaining allegations in paragraph 14 of the Amended Complaint.

15.-17. Defendants admit the allegations in paragraphs 15 through 17 of the Amended Complaint.

18.     Defendants admit that plaintiff responded to the proposed admonishment in writing and that the language set forth in paragraph 18 was contained in the writing.

19.     Defendants admit that plaintiff was admonished.  The remaining allegations are conclusions of the pleader to which no response is required.

20.      The defendants admit that the plaintiff contacted Deputy Mayor Albert.  Further answering, thee remaining allegations are either the conclusions of the pleader to which no response is required, and/or these defendants lack knowledge or information sufficient to either admit or deny the allegations.


21.-26.  Defendants lack knowledge or information sufficient to either admit or deny the allegations in paragraphs 21 through 26 of the Amended Complaint.

27.     Defendant Good admits the allegations in paragraph 27 regarding her statements.  Defendants Walker and the District of Columbia lack sufficient information to either admit or deny the allegations in

11

paragraph 27 of the Amended Complaint.

28   Defendants admit that on October 3, 2005, defendant Walker issued a Notice of Summary Removal to plaintiff.

29.   Defendants admit the allegations in paragraph 29 of the Amended Complaint. Further answering, whether there were no identifying characteristics the child was shown in the photographs.are the conclusions of the pleader to which no response is required.

30.   The defendants deny the allegation in paragraph 30 of the Amended Complaint.

31.-32. The defendants admit the allegation in paragraphs 31-32 of the Amended Complaint.

### COUNT I- DEFENDANT DISTRICT OF COLUMBIA'S VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

33.   The defendants repeat and incorporate their responses to paragraphs 1 through 33 in their Answer to plaintiff's Amended Complaint as if fully set forth herein,  The allegations in paragraphs 34 through 37 do not relate to defendants Good or Walker and therefore do not require a response from them.

 34 -37. The averments set forth in paragraphs 34 through 37 are legal conclusions of the pleader to which no response is required by defendant District.

38.    Defendants admit that Brenda Donald Walker was the Director of CFSA.  The remaining averments set forth in paragraph 38 are legal conclusions of the pleader to which no response is required.

39.   Defendants deny the allegations in paragraph 39 of the Amended Complaint.

### COUNT II- DEFENDANT BRENDA DONALD WALKER'S VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

40. The defendants repeat and incorporate their responses to paragraphs 1 through 39 in their Answer to plaintiff's Amended Complaint as if fully set forth herein. The allegations in paragraphs 41 through 45 do not relate to defendants Good or the District, and therefore do not require a response from them.

41 Defendant Walker denies the allegations in paragraph 41 of the Amended Complaint.

42.. The averments set forth in paragraph 42 are legal conclusions of the pleader to which no response is required.

43.-45. Defendant Walker denies the allegations in paragraphs 43 through 45 of the Amended Complaint.

### COUNT III-DEFENDANT DISTRICT OF COLUMBIA'S VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS

46. The defendants repeat and incorporate their responses to paragraphs 1 through 45 in their Answer to plaintiff's Amended Complaint as if fully set forth herein,  The allegations in paragraphs 47 through 49 do not relate to defendants Good or Walker and therefore do not require a response from them.

47.. Defendant District admits that the plaintiff was a career service employee. The remaining allegations set forth in paragraph 47 are legal conclusions of the pleader to which no response is required.

48.-49. The allegations set forth in paragraphs 48 and 49 are legal conclusions of the pleader to which no response is required.  To the extent a response is required, this defendant denies the allegations.

### COUNT IV-DEFENDANT BRENDA DONALD WALKER'S VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS

50. The defendants repeat and incorporate their responses to paragraphs 1 through 49 in their Answer to plaintiff's Amended Complaint as if fully set forth herein, The allegations in paragraphs 51 through 55 do not relate to defendants Good or the District and therefore do not require a response from them.

51. Defendant District denies the allegations in paragraph 51 of the Amended Complaint.

52. The averments set forth in paragraphs 52 are legal conclusions of the pleader to which no response is required.

53.-55. Defendant Walker denies the allegations in paragraphs 53 through 55 of the Amended Complaint.

## COUNT V- DEFENDANT DISTRICT OF COLUMBIA'S VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE DC WHISTEBLOWER ACT

56. The defendants repeat and incorporate their responses to paragraphs 1 through 55 in their Answer to plaintiff's Amended Complaint as if fully set forth herein, The allegations in paragraphs 57 through 63 do not relate to defendants Good or Walker and therefore do not require a response from them.

57. Defendant District admits that plaintiff hand delivered a letter to defendant Walker concerning plaintiff's termination. The letter speaks for itself. Further answering, the remaining averments are legal conclusions of the pleader to which no response is required.

58. Defendant District denies the allegations in paragraph 58 of the Amended Complaint.

59.-62. The averments set forth in paragraphs 59 through 62 are legal conclusions of the pleader to

14

which no response is required.

63.  Defendant District denies the allegations in paragraph 63 of the Amended Complaint.

### COUNT VI- DEFENDANT DISTRICT OF COLUMBIA'S VIOLATION OF DC AND FEDERAL FAMILY AND MEDICAL LEAVE STATUTES

64.  The defendants repeat and incorporate their responses to paragraphs 1 through 63 in their Answer to plaintiff's Amended Complaint as if fully set forth herein, The allegations in paragraphs 65 through 71 do not relate to defendants Good or Walker and therefore do not require a response from them.

65.  The averment set forth in paragraphs 65 is the legal conclusions of the pleader to which no response is required.

66.  Defendant District admits plaintiff began leave on or about August 18, 2005.

67.  Defendant District lacks sufficient information to either admit or deny the allegations in paragraph 67 of the Amended Complaint. .

68.  Defendant District admits that it approved plaintiff's request to take medical leave.

69.  Defendant District admits that plaintiff requested medical leave. The defendants lack sufficient information to either admit or deny the specific dates of approved leave.

70.-71.  Defendant District denies the allegations in paragraphs 70 and 71 of the Amended Complaint.

72.  Plaintiff's prayer for relief requires no response.  To the extent that a response is required, this defendant

These defendants herein deny any and all allegations of wrongful conduct, intentional or

15

otherwise, not specifically admitted to or otherwise answered.

### Third Defense

This Court lacks jurisdiction over plaintiff's Fifth Amendment due process claims.

### Fourth Defense

Defendants Brenda Donald Walker and Mindy Good are entitled to qualified immunity for their complained-of conduct.

### Fifth Defense

Plaintiff cannot establish that any District custom, policy or practice was the moving force behind her alleged constitutional injuries.

### Sixth Defense

The District of Columbia may not be held liable for any alleged constitutional misconduct of its employees.

### Seventh Defense

Plaintiff's claims may be barred by the statute of limitations and/or D.C. Official Code § 12-309.

### Eighth Defense

Plaintiff's claims may be barred by her failure to exhaust her administrative remedies.

### Ninth Defense

Plaintiff's speech is not entitled to First Amendment protection.

### Tenth Defense

16

Plaintiff did not engage in Whistleblower activity and is not entitled to relief from the District under this claim.

### SET-OFF

Defendant District claims a set-off against any judgment for any and all public benefits, including Medicaid, Plaintiff may have received from the District of Columbia.

### JURY DEMAND

This Defendant demands a trial by the maximum number of jurors permitted by law of all issues so triable.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Patricia Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


\_\_\_\_/s/LeahTaylor_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 Fourth St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 727-6295