**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHIRLEY TABB,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) Civil Action No. 06-00789 (PLF) |
| **DISTRICT OF COLUMBIA, et al.** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**REPORT TO THE COURT PURSUANT TO RULE 16.3(d)**

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, the parties, through

undersigned counsel, have conferred and submit this report reflecting the result of their

discussions. Counsel participated in a telephonic "meet and confer" session on August 2, 2007.

The report of the parties on each of the issues identified by Local Rule 16.3(c) is as follows.

(1)  Plaintiff believes that the case is not likely to be disposed of by dispositive motion as there

are presently many factual issues.  The Defendants believe that dispositive motions may be

appropriate after the close of discovery.  After discovery is completed one or both parties may

file motions for summary judgment or partial summary judgment.

(2)  The parties do not anticipate that other parties will be joined or that there will be a need to

amend the pleadings.  However, if the need to amend arises, the parties propose that the deadline

for amending the answer, if necessary, should be forty-five (45) days after the initial scheduling

order in this matter.  At present, the factual and legal issues cannot be narrowed, but counsel will

confer during and/or after the conclusion of discovery to determine if the case may be simplified by agreement.

(3) The parties do not choose to have the case assigned to a magistrate judge for any purpose other than mediation.

(4) The Plaintiff believes that mediation could result in the resolution of the case and welcomes the assignment of a mediator to assist the parties.  Defendants believe that a mediator should be assigned at the close of discovery.

(5) The parties have considered ADR, but do not presently view any ADR option as a beneficial alternative if litigation remains necessary.

(6) At present, Plaintiff does not believe the case can be resolved in whole or in part by dispositive motion.  Defendants believe that this case may be resolved by summary judgment after the close of discovery.  Any dispositive motions should be filed sixty (60) days after the close of discovery.

(7) The parties believe that compliance with the initial disclosure requirement will be a useful step in completing discovery in the case.   The parties propose that the parties serve on one another their initial disclosures within thirty (30) days after the initial conference.

(8) The parties propose that unless modified by Court order for good cause shown, discovery

may commence after the entry of the initial scheduling order.  The parties propose that the close

of discovery should be one hundred and eighty (180) days after the entry of the initial scheduling

order. The specific discovery limits suggested by the parties are as follows:

**Expert Testimony**:

The disclosure of expert witnesses, including a complete report under Fed. R. Civ. P. 26(a)(2)(B)

from any specially retained or employed expert, shall be due as follows:

Plaintiff's expert reports:    Within one hundred and twenty (120) days after the entry of the

                               initial scheduling order.

Defendants' expert reports:    Within one hundred and sixty five (165) days after the initial

                               scheduling order.

**Discovery Limitations and Cutoffs**:

    **Depositions:**

The Plaintiff shall conduct a maximum of ten (10) depositions.  Collectively, the

Defendants shall conduct a maximum of ten (10) depositions.

**Interrogatories:**

Maximum of thirty-five (35) for plaintiff and a maximum of 35 interrogatories

collectively for the defendants.

**Request for Admission:**

Maximum of fifty (50) for plaintiff and a maximum of 50 collectively for the defendants.

**Request for Production:**

Maximum of forty (40) by plaintiff and a maximum of 40 collectively for the defendants.

**Supplementation:**

Supplements under Rule 26(e), Fed. R. Civ. P., are due on a continuing basis and up to

the close of discovery, provided that the parties shall have a continuing duty to

supplement responses after the close of discovery as provided for in Rule 26(e).

(9)  This is not a class action matter.

(10)  The parties do not recommend managed phases or bifurcation.  Defendants reserve the right

to revisit this issue later in this lawsuit as the factual record is developed.

(11)  The parties propose the following:

**Pre-trial conference**:

This case will be prepared for pretrial conference sixty (60) days after the Court's ruling

on any post-discovery dispositive motion.  If no dispositive motions are filed, the parties

believe that a pretrial conference should be held 30 days after the deadline for the filing

of dispositive motions.  The Pretrial Statement shall be filed (ten) 10 days before the

Pretrial Conference.

**Trial**:

The trial shall be calendared at the pretrial conference.

**Final Lists**:

Final lists of trial witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) must be included in

the parties Pretrial Statement, which shall be filed and served on the parties 10 days before

the Pretrial Conference.  Objections to each witness or exhibit shall be file with the list of

witnesses and exhibits in the Pretrial Statement.

        Respectfully submitted,

          /s/
        RICHARD E. CONDIT
        DC Bar # 417786
        1612 K Street, NW, Suite 1100
        Washington, DC 20036
        Tel. 202.408.0034, Ext.142
        Fax 202.318.3211
        Counsel for Plaintiff Shirley Tabb

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


          /s/
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV



          /s/
SALLY L. SWANN1/
Assistant Attorney General
441 - 4th Street, NW, 6TH Floor South
Washington, D.C. 20001
202.724.6519; 202-727-6295
202.727.3625 (fax)
Counsel for the Defendants


Dated: August 6, 2007


_____
1/ Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.