**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHIRLEY TABB,                                :
                                             :
      Plaintiff,                       :
                                             :
v.                                           :   Civil Action No. 06-789 (PLF)
                                             :
DISTRICT OF COLUMBIA, *et. al.,*:
                                             :
      Defendants.                     :

**DEFENDANTS DISTRICT OF COLUMBIA, BRENDA DONALD AND MINDY GOOD'S  REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION FOR A PROTECTIVE ORDER**

Defendants District of Columbia, Brenda Donald, and Mindy Good ("defendants"), by and through counsel, hereby submits the following Reply to Plaintiff's Opposition to their Motion for a Protective Order.

**I.    PLAINTIFF IS SEEKING CONFIDENTIAL AND PRIVILEGED INFORMATION THAT IS PROTECTED BY THE ATTORNEY CLIENT PRIVILEGE.**

Plaintiff submits that she does not seek confidential and privileged information through the deposition of attorneys employed by the Child & Family Services Agency's General Counsel's Office (hereafter "GC's Office").  In support of her argument that the attorneys at the GC's Office may be deposed, plaintiff relies on the holding in *Adams v. Franklin*, 924 A.2d 993 (D.C. 2007) (testimony sought from attorney regarding facts surrounding demand letter were not privileged).  This case may be distinguished from the *Adams* case.  In *Adams*, the deposition sought was for a discrete inquiry, i.e. to authenticate a letter purportedly drafted and sent to third parties, not protected by the attorney-client privilege, by plaintiff's former counsel. *Adams,* 924 A.2d at 996.  The movant sought to determine "(1) whether the letter was  authentic - whether

[the attorney] authored the letter; (2) whether [the attorney] sent the letter or caused it to be sent; (3) whether [the attorney] represented plaintiff in August 1999; and (4) where [the attorney] learned of the information contained in the letter." *Id.*  The Court found that there was nothing privileged about these four discrete topics of questioning. Specifically, topics (1) through (3) were not communications between [the attorney and his client], and are not entitled to the protection of any privilege. *Id.* at 1000.  The Court reiterated that the attorney-client privilege protects only communications from a client to an attorney that are, at the time they are communicated, intended to be confidential. *Id.*

The *Adams* Court also discussed the issue in the context of the Rules of Professional Conduct.  The Court stated, "D.C. R. Prof. Conduct 1.6 states that, except when permitted under paragraph (c) or (d) of Rule 1.6, a lawyer shall not knowingly reveal a confidence or secret of the lawyer's client. As the rule further elaborates, "confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate, or the disclosure of which would be embarrassing, or would be likely to be detrimental, to the client." *Id.* at 996.  The Court continued, "These definitions and comment 6 to Rule 1.6 make it clear than the lawyer's ethical duty to preserve a client's confidences and secrets is broader than the attorney-client privilege. The lawyer's obligation to preserve the client's confidences and secrets continues after termination of the lawyer's employment." D.C. R. Prof. Conduct 1.6(f). "A lawyer may, however, use or reveal client confidences or secrets when permitted by the District of Columbia Rules of Professional Conduct or required by law or court order." D.C. R. Prof. Conduct 1.6(d)(2)(A). *Id.* The purpose of the privilege is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests

in the observance of law and administration of justice. But the privilege should be narrowly construed to protect only the purposes which it serves. Thus the privilege applies only in the following circumstances: (1) where legal advice of any kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. *Id.*

In this case, plaintiff claims that she was terminated without legal justification, and seeks to have the GC's Office testify about the defendants' legal basis for her termination. According to plaintiff, she seeks to depose the attorneys regarding "(1) documents that support or negate the claimed bases for Ms. Tabb's termination, (2) facts that support or negate the claimed bases for Ms. Tabb's termination, and (3) persons with knowledge of discoverable facts [that purportedly] are not matters that are protected by any privilege." *See* Pl's Opp. at page 3. First, contrary to plaintiff's claims, she does seek confidential and privileged information from the GC's attorneys. *See* Opposition, generally. Moreover, the information sought by plaintiff is improper. It is for the Court or jury to determine whether plaintiff's termination was unlawful.

It is clear that plaintiff wants the attorneys to discuss their mental impressions, their own deliberations of the evidence, and any advice provided to their clients regarding Ms. Tabb's termination. In fact, plaintiff has stated in her opposition that she not only seeks factual information from the GC's Office, but the legal basis for any decision to terminate her. *See* Pl.s Opp. at page 6. "Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories [and enjoys almost absolute immunity, and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud]." *Baker v. General Motors Cop.,* 209 F.3d 1051,

3

1054 (8th Cir. 2000). The information sought by plaintiff is clearly privileged under the attorney-client privilege and Rules of Professional Conduct, and the defendants accordingly are entitled to a protective order to preclude the depositions of counsel from the GC's Office.

## II. PLAINTIFF CANNOT DEMONSTRATE THAT THE PRIVILEGE HAS BEEN WAIVED.

Plaintiff argues that defendant Donald and Mr. Ronnie Charles waived the attorney client privilege by revealing the subject matters of the discussions held between them, and the GC's Office. Plaintiff is incorrect for several reasons. First, neither defendant Donald nor Mr. Charles discussed the substance of the discussions in terms of what was actually said and how they were actually advised by the GC's Office. It is clear that the meeting was convened to discuss legal issues, and to obtain legal advice. The deponents provided general subject areas that formed the basis of their discussions without actually revealing the substance of the discussions themselves.[1] As plaintiff is seeking the subject matter of the discussions, and not just a general summary of *what* was discussed, neither defendant Donald nor Mr. Charles' testimony constitutes a waiver.

Second, defendant Donald was acting in her official capacity as agency Director when she sought the advice from the GC's Office. Mr. Charles was a Senior Deputy Director seeking legal advice. In order for the District to have waived its attorney-client privilege, a 30(b)(6) deponent must have testified to the substance of the discussions related to plaintiff, or a third party, not associated with the District, must have been present at the discussion regarding plaintiff. No such claim is made in this case. Moreover, defendant Donald is a defendant only

---

[1] This is supported by the record, as counsel for defendant clearly advised counsel for plaintiff that he would not permit questioning as to the substance of any advice given by the GC's Office, but he would allow defendant Donald to answer general questions about the meeting that did not invoke actual advice from the GC's Office. Exhibit #1, Deposition of Brenda Donald, pp.155:7 to 156:22.

in her individual capacity, as was defendant Good, and Mr. Charles, while deposed based on his official functions at CFSA, simply did not waive the District's privilege. *See* Amended Complaint, and *see also* Plaintiff's Opposition, generally. None of the deponents were designated as 30(b)(6) witnesses and can not waive the District's privilege. Because the District is still entitled to the benefit of the attorney-client privilege, it requests an order of protection to prevent attorneys from the GC's Office from testifying at deposition about communications with CFSA with respect to the plaintiff.

WHEREFORE, defendants request this Court to grant their motion for a protective order to preclude the depositions of Donald Terrell and Deone Merene

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

\_\_\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:    \_\_\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov