UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRLEY TABB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:06CV00789 (PLF) |
| DISTRICT OF COLUMBIA, *et al.* | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES
TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

TO:  Ms. Shirley Tabb
c/o Richard E. Condit, Esq.
1612 K Street, NW, Suite 1100
Washington, D.C. 20006

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Defendant District of Columbia, by counsel, hereby submits its Responses to Plaintiff's Requests for Admission.

**GENERAL OBJECTIONS**

Defendant District of Columbia (hereafter "defendant") objects to the production of any documents or information which is protected from disclosure by law or by the attorney-client privilege, deliberative process privilege, work product doctrine, law enforcement/investigative privilege, or any other similarly recognized privilege. Inadvertent production of any document or information which is so privileged, and which is otherwise immune from discovery, shall not constitute waiver of any such privilege or any other grounds for objecting to discovery with

-1-

respect to such document or any other document, or the subject matter thereof, or the information contained therein, or of the right of defendant to object to the use of any such document or the information contained therein during any subsequent proceeding.

Defendant objects to the plaintiff's instructions and definitions to the extent they seek to impose obligations beyond the requirements of FRCP 36.

## REQUESTS AND RESPONSES

1. On October 3, 2005, Plaintiff was on approved leave.

**RESPONSE: Defendant admits that it approved plaintiff's leave prior to October 3, 2005. Further answering, defendant admits that plaintiff's actions while on leave resulted in her dismissal from employment.**

2. The documents provided in discovery by the Defendants and that are Bates stamped 01 - 285 are genuine and authentic copies of those documents.

**RESPONSE: Admitted.**

3. The documents provided in discovery by the Defendants and that are Bates stamped 286 - 340 are genuine and authentic copies of those documents.

**RESPONSE: Admitted.**

4. The two compact disks provided by Defendants' counsel on January 14, 2008 are genuine and authentic copies of the television news programs that aired in 2005.

**RESPONSE: Objection as to relevance, and on the grounds of hearsay. Notwithstanding the objections, admitted.**

5. The electronic Outlook files of Uma Ahluwalia were destroyed on June 6, 2007.

**RESPONSE: Admitted. Further answering, the Defendant admits that the Outlook files no longer exist due to a periodic deletion of office files and due to Ms. Ahluwalia having left the employ of the District.**

6. The electronic Outlook files of Heather Stowe were destroyed on June 22, 2006.

**RESPONSE: Admitted. Further answering, the Defendant admits that the Outlook files no longer exist due to a periodic deletion of office files and due to Ms. Stowe having left the employ of the District.**

7. In 2005, there were no policies, regulations, or laws that prohibited the Plaintiff from communicating via the CFSA e-mail system with another D.C. government agency about child abuse and neglect.

**RESPONSE: Objection as vague and overly broad. Notwithstanding and without waiving the objection, the request is denied. The law does not allow for a blanket disclosure of confidential information to other employees at other DC government agencies. Further answering, there was a chain of command in place which the Plaintiff did not properly comply with regarding communication about confidential data and media relations.**

8. During her tenure at CFSA, the Plaintiff never received an annual performance evaluation below satisfactory.

**RESPONSE: Objection as to relevance. Notwithstanding the objection, admitted.**

9. Plaintiff was not informed of the charges and evidence against her prior to being

-3-

summarily removed from her job.

**RESPONSE: Denied. Further answering, plaintiff was informed of the charges and evidence against her, and she voluntarily waived her right to a hearing concerning her summary removal.**

10. Plaintiff was not provided a verbal or written warning regarding her use of leave before she was summarily removed from her job.

**RESPONSE: Objection as to relevance. Notwithstanding the objection, denied.**

11. Plaintiff was terminated at least in part for communicating with Dr. Susan Newman, who served as the Senior Advisor of Religious Affairs in the Executive Office of the Mayor in 2005, about children sleeping in the CFSA office building.

**RESPONSE: Objection as overly broad. Notwithstanding the objection, denied.**

12. Plaintiff was terminated at least in part for communicating with Deputy Mayor Neil Albert about children sleeping in the CFSA office building.

**RESPONSE: Objection as overly broad. Notwithstanding the objection, denied.**

13. Plaintiff was terminated at least in part for communicating with the news media about children sleeping in the CFSA office building.

**RESPONSE: Objection as overly broad. Notwithstanding the objection, denied. Further answering, plaintiff was terminated for displaying a picture of a CFSA client on the news media in violation of multiple confidentiality statutes.**

14. The child that was partially depicted by the media in the 2005 news stories regarding children sleeping in the CFSA office building has not been specifically identified nor has his family been identified by CFSA.

**RESPONSE: Objection as to form and vagueness. Notwithstanding and without waiving the objections, defendant admits that while the name of the child was not used in the media coverage, the picture of the child that was depicted by the media was in violation of multiple confidentiality statutes.**

15. In 2005, there were no policies, regulations, or laws that required CFSA employees to "obtain permission from [their] supervisor to disseminate information to the media" when they were off of work.

**RESPONSE: Objection as vague and overly broad. Notwithstanding and without waiving the objections, the request is denied.  The law does not allow for a blanket disclosure of confidential information to other employees at other DC government agencies while at work or at home.  Further answering, there was a chain of command in place which the Plaintiff did not properly comply with regarding communication about confidential data and media relations. Further answering, the Plaintiff is still required to abide by rules of confidentiality when out of Family Medical Leave and disseminating information to the media is a violation of CFSA social worker standard of conduct.**

16. On September 19, 2005, Plaintiff was on approved leave.

**RESPONSE:  Objection as to relevance.  Notwithstanding the objection, defendant admits that it approved plaintiff's leave prior to September 19, 2005.  Further answering, plaintiff's actions while on leave resulted in her dismissal from employment.**

17. On September 20, 2005, Plaintiff was on approved leave.

**RESPONSE:  Objection as to relevance.  Notwithstanding the objection, defendant admits that it approved plaintiff's leave prior to September 20, 2005.  Further answering,**

**plaintiff's actions while on leave resulted in her dismissal from employment.**

                Respectfully submitted,

                PETER J. NICKLES
                Interim Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                PATRICIA A. JONES [428132]
                Chief, General Litigation Sec. IV

By:   \s\ Michael P. Bruckheim_____
      MICHAEL P. BRUCKHEIM [455192]
      Assistant Attorney General
      441 4TH Street, NW, 6th Floor-South
      Washington, D.C.  20001
      202-724-6649; 202-727-6295
      E-mail:  Michael.bruckheim@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing responses to plaintiff's requests for admissions were sent via electronic mail on this 15th day of February, 2008 to:

Ms. Shirley Tabb
c/o Richard E. Condit, Esq.
1612 K Street, NW, Suite 1100
Washington, D.C. 20006

                \s\ Michael Bruckheim_____
                Michael Bruckheim
                Assistant Attorney General