UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHIRLEY TABB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-789 (PLF) |
| | : | |
| DISTRICT OF COLUMBIA, *et. al.,* | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF
MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to SCR-Civil 12-I(k), Defendants District of Columbia, Brenda Donald Walker, and Mindy Good, by and through undersigned counsel, submit their response to Plaintiff's Statement of Material Facts Not in Genuine Dispute, as follows:

1. Admit. Further answering, plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and/or 56(e).

2. Admit, but not material.

3. Admit  Further answering, plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e). However, see Tabb Dep., at 51-57.

4. Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e). Therefore, this court should disregard this fact.

5. Not material. Defendants deny that plaintiff suggested that she could assume responsibility over two poorly performing recruitment units that the agency depends upon for placement resources, but admit the remaining allegations in paragraph.  Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e). Therefore, this court should disregard this fact.

6.     Not material because plaintiff was terminated because she violated the confidentiality of the children in CFSA's care.  Further answering, plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e).  Therefore, this court should disregard this fact.

7.     Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e).  Therefore, this court should disregard this fact..

8.     Admit.

9.     Admit, but not material.

10.    Admit.

11.    Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e).  Therefore, this court should disregard this fact.

12.     Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e).  Therefore, this court should disregard this fact.

13.    Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e).  Therefore, this court should disregard this fact.

14.    Defendant admits paragraph 14 insofar as it states that Plaintiff Tabb took medical leave in August 2005.  The medical leave that she took was not Family Medical Leave.  Tabb Dep. at 121-22.  The requested leave was scheduled from August 18, 2005, through September 16, 2005.  However, this was not the first leave that Plaintiff Tabb took during 2005.  Tabb Dep. at 120-21.

15.    Admit, but not material.  Plaintiff was terminated for disclosing confidential information about a child in CFSA's custody in violation of §§ 4-1303.06, and 16-2332.  *See*, Good Dep., at 134.

16.    Admit.

17.     Admit.

18.     Defendant admits that plaintiff contacted the news media regarding the issue of children sleeping in the building, and provided photographs to the media in violation of §§ 4-1303.06, and 16-2332.  *See*, Good Dep., at 134.

19.     Admit.

20.     Defendants admit that plaintiff gave a photo of the CFSA child to the news media.  Plaintiff further admits that she did not have the child's permission to share the pictures with the news media or television media.  *See* Tabb Dep., at 163-164.  Additionally, she never obtained a court order permitting the child's confidential information to be disclosed.  She admitted that although she could have alerted the media without providing them photographs, she gave pictures of the child to two television stations, ABC and CBS anyway.  *See* Tabb Dep., at 184.  She gave the media an unaltered copy of the picture, showing the CFSA child's face, thereby disclosing confidential information to someone outside of CFSA.  *See* Tabb Dep., at 244.

21.     Admit, but not material since the production of the photograph of the child to the media violated the child's confidentiality.  *See* §§ 4-1303.06, and 16-2332.

22.     Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e).  Therefore, this court should disregard this fact.

23.     The defendants admit that this was defendant Good's testimony.  However, it is not material since plaintiff was terminated for disclosing confidential information to the media in violation of §§ 4-1303.06, and 16-2332.  *See*, Good Dep., at 134.

24.     Admit, but not material because plaintiff was terminated for disclosing confidential information to the media in violation of §§ 4-1303.06, and 16-2332.  *See*, Good Dep., at 134.

3

25.     Defendants deny in part. According to the plaintiff, "the fact that children are sleeping in our building [was] a well known fact. Everyone in the agency [knew] it, as well community [sic]." *See* Shirley Tabb's Declaration at ¶ 36, *incorporating by reference* Shirley Tabb's 8/18/05 Response to 8/18/05 Admonition pg. 4; s*ee also* Tabb Dep., at 177 – 179, 181-82, 218. Further answering, the fact is not material since plaintiff was terminated for disclosing confidential information to the media in violation of §§ 4-1303.06, and 16-2332. *See*, Good Dep., at 134.

26.     Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e). Therefore, this court should disregard this fact.

27.     Admit.

28.     Defendants admit that Plaintiff Tabb was on medical leave when the Notice of Summary Removal was issued. Not material since plaintiff was terminated for violating the confidentiality of children in CFSA's care in violation of §§ 4-1303.06, and 16-2332. *See*, Good Dep., at 134.

29.     Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e). Therefore, this court should disregard this fact

30.     Admit.

31.     Admit.

32.     Defendants admit to Paragraph 32 insofar as it states that Plaintiff Tabb was a civil service and union employee.

33.     Defendants admit to Paragraph 33 in so far as it states that Plaintiff Tabb did not receive any written notice concerning her summary removal prior to the October 3, 2005, Notice of Summary Removal.

34.     Admit.

35.    Defendants deny that Defendant Donald Walker was unaware of the policy reasons and evidentiary basis for that might support what was asserted in the October 3, 2005 Notice of Removal.  Defendant Donald Walker met with Human Resources and general counsel in order to formulate such action. Donald Dep. at 201:2 - 201:17.  Plaintiff was terminated because she violated the confidentiality of children in CFSA's care.  *See*, Good Dep., at 134.

36.    Defendants admit that Defendant Donald Walker's decision to terminate Plaintiff Tabb was also based on "performance issues" not articulated in the October 3, 2005 letter.  Plaintiff Tabb was aware of the "performance issues." Donald Dep., at 231– 231.

37.    Plaintiff's citation to an unverified answer and complaint is not in compliance with SCR-Civil 12-I(k), 56(a), and 56(e).  Therefore, this court should disregard this fact  plaintiff was terminated for violating the confidentiality of children in CFSA's care in violation of §§ 4-1303.06, and 16-2332. *See*, Good Dep., at 134.

38.    Admit.

39.    Admit.

40.    Admit.

41.    Admit.

42.    Defendants admit that Ms. Wilson is not specifically aware of whether anyone verified the facts of the October 3, 2005, letter.  However, Ms. Wilson testified that those facts would have been checked by senior staff. Wilson Dep., at 150 – 150.

43.    Admit.

44.    Admit.

45.    Defendants admit that Mr. Charles knew plaintiff to be a very qualified employee  insofar as it concerned her customer-service work. Charles Dep., at 54.  Mr. Charles did not testify to

5

plaintiff's overall qualifications. Further answering, since plaintiff was terminated because she violated the confidentiality of children in CFSA's custody in violation of §§ 4-1303.06, and 16-2332. *See*, Good Dep., at 134.

46.   Not relevant since Mr. Charles was not the decision maker. Charles dep. at 66:6-66:17; 116:20-120:1.

47.   Admit, however not relevant since Mr. Charles was not the decision maker. Charles dep. at 66:6-66:17; 116:20-120:1.

48.   Admit, however not relevant since Mr. Charles was not the decision maker. Charles dep. at 66:6-66:17; 116:20-120:1.

49.   Defendants admit Mr. Charles testified that it was CFSA's Office of General Counsel's responsibility to validate the allegation that Ms. Tabb violated confidentiality laws and disclosed personal information about a child. Charles Dep., at 123– 124.

50.   Admit, but not material since Mr. Charles was not the decision maker. Charles dep. at 66:6-66:17; 116:20-120:1.

51.   Admit.

52.   Mr. Charles role in issuing the final notice of termination was to review the recommendation made by Ms. Donald Walker and issue the notice if appropriate in accordance with HR procedure. Charles Dep., at 145.

53.   Defendants admit paragraph 53 insofar as it states that Mr. Charles did not have a specific recollection of whether he reviewed Plaintiff Tabb's written response to the October 3, 2005, removal letter, but he testified that he would have seen the letter in accordance with HR procedure and the occurrence of "professional integrity." Charles Dep. at 145.

54. There is no evidence to support Ms. Tabb actually communicated her concerns about children sleeping in the CFSA office building to Judge Hogan who presides over the *LaShawn* case. An email exchange involving Mr. Charles and other CFSA officials indicated that the agency provided personnel information concerning Ms. Tabb to the Court Monitor (Judy Metlzer) to be shared with Judge Hogan. However there is no evidence in the record that the information was shared with Judge Hogan. Mr. Charles testified that he was unaware, in his experience, with any other circumstances where personnel information was provided to an outside party in advance of a final decision. Charles Dep. at 166:17 – 168:22. These statements are not material since Mr. Charles was not the decision maker and plaintiff was terminated because she disclosed confidential information about children in CFSA's custody. *See*, Good Dep., at 134.

55. Not relevant since Mr. Charles was not the decision maker. Charles Deposition at, 37 and 141.

56. Admit.

57. Admit.

58. Admit.

59. Admit.

60. Admit.

61. Defendants admit that at the time of Ms. Merene's deposition, she was not sure whether the information contained in the October 3, 2005, removal letter justified Plaintiff Tabb's summary removal. Merene Dep., at 102:14 - 104:1. However, plaintiff was removed for disclosing confidential information about children in CFSA's care. *See*, Good Dep., at 134.

62. Admit, but not relevant.

7

63. Admit.

64. Defendants admit that at the time of Ms. Merene's deposition, she was not sure whether the information contained in the October 3, 2005 removal letter justified Plaintiff Tabb's summary removal. Merene Dep., at 102:14 - 104:1. Further answering, the fact is not relevant since plaintiff disclosed information about children in CFSA's care in violation of the confidentiality provisions of §§ 4-1303.06, and 16-2332, and which resulted in her termination. *See*, Good Dep., at 134.

        Respectfully submitted,

        PETER J. NICKELS
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        /s/Zuberi B. Williams
        ZUBERI BAKARI WILLIAMS[1]
        Assistant Attorney General
        Office of the Attorney General
        441 Fourth Street, N.W., Suite 6N013
        Washington, D.C. 20001
        Office: (202) 724-6650; (202) 727-6295
        Facsimile: (202) 730-0623
        Email: Zuberi.Williams@dc.gov

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2